# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2025

Lyle W. Cayce
Clerk

No. 25-10768

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy James Moore,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-121-6

―――――――――――――――――――――――――

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Timothy James Moore, federal prisoner #48260-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

In his brief, Moore argues that the district court's analysis of the 18 U.S.C. § 3553(a) factors included only a discussion of his criminal history and the nature and circumstances of the offense and failed to address all the applicable § 3553(a) factors. He contends that the district court should have taken into consideration (1) his recent good conduct and rehabilitation, (2) the fact that that most of his criminal history occurred during his youth, (3) the Government's alleged exaggeration of his post-incarceration infractions, and (4) the gross sentencing disparity that would occur if he were sentenced today due to changes in the law. Moore also contends that the district court disregarded his extraordinary and compelling reasons warranting release.

The district court's analysis of the § 3553(a) factors was sufficient because the court stated that it had considered Moore's arguments before concluding that the § 3553(a) factors weighed against his release. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Additionally, the record reflects that the district court judge, who was also the sentencing judge, explicitly considered the § 3553(a) factors involving the nature and circumstances of the offense, Moore's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense and deter criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Moore's disagreement with the district court's weighing of the § 3553(a) factors is not a sufficient basis for determining that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Moore fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on its balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

No. 25-10768

Accordingly, Moore's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.